In the Matter of the Application of GEORGE D. CALLAHAN and Others (and Others Similarly Situated), Petitioners, for an Order against JOSEPH D. McGOLDRICK, Comptroller of the City of New York, and Others, Respondents.

Supreme Court, Special Term, New York County, June 26, 1939.

*Leopold V. Rossi,* for the petitioners.

*William C. Chanler, Corporation Counsel [Samuel J. Silverman* of counsel], for the respondents.

LEVY, J.   Petitioners seek an order pursuant to article 78 of the Civil Practice Act commanding the respondents to pay to each of them annual salary increments not exceeding four in number.   All of them have been employed for more than ten years in the ungraded service of the competitive class as court attendants in the City Magistrates' Court.   They base their right to relief on the New York City Administrative Code, section B40–6.0, effective July 1, 1937, of which the relevant portions read as follows:

"Employees: Certain Civil Service: Annual Increment.— a. In each annual expense budget, there shall be included and provided annual salary increments of at least one hundred twenty dollars for each employee in the competitive class, as defined by section fourteen of the Civil Service Law as more particularly hereinafter described and provided:

"1. For each employee who has served at least one year in a grade or rank of a position in the graded service of the competitive class, the minimum annual salary of which is one thousand eight hundred dollars per annum or less, there shall be provided and paid an annual salary increment of at least one hundred twenty dollars until the maximum salary of the grade or rank shall have been reached.

"2. For each employee who has served at least one year in a position of the ungraded service of the competitive class, the entrance appointment salary of which is one thousand eight hundred dollars per annum or less, there shall be provided and paid an annual salary increment of at least one hundred twenty dollars until four such annual increments shall have been reached."

All of the petitioners now receive an annual salary of $2,280. Some of them who received such salary on the effective date were given no increments while the others have received less than four in number, bringing their annual salaries up to $2,280.

The respondents now move to dismiss the petition as a matter of law upon the ground that it fails to set forth facts sufficient to entitle petitioners to relief.

The quoted section is undoubtedly mandatory in nature. The question to be determined is whether petitioners are entitled to relief regardless of the amount of their annual salaries on the effective date and the amount they now receive. It is clear from the language employed in subdivision 1 that a ceiling was fixed for *graded* employees beyond which the mandatory increments were not to carry the annual salary. The provision of subdivision 2 for increases for *ungraded* employees "until four such annual increments have been reached" appears to have been intended to come within the same general plan or design to fix a maximum beyond which the mandatory increases were not to carry the annual salary. Had it been the purpose of the legislative body to provide four annual increments for ungraded employees, regardless of the compensation received by them at the time the increments were to commence and of the amounts to which their salaries would be thus increased, it is reasonable to assume that the word "received" would have been employed instead of the word "reached." Thus, the language used indicates an intention that each ungraded

employee was to receive increments until an amount of compensation equivalent to the maximum entrance salary plus four increments had been *reached*.

The obvious purpose of the local law under consideration was to benefit employees in the lower salary brackets by assuring them of certain fixed mandatory increases independent of promotional advances based upon individual merit. The interpretation sought to be placed upon the statute by the petitioners would permit employees who had entered the ungraded service many years ago at a salary of $1,800 or less to receive four annual mandatory increments of $120 each, even though prior to the receipt of the first increment their remuneration already exceeded $2,280. This was evidently not the legislative intent.

The motion is denied and the cross-motion to dismiss granted.